## The People of the State of Illinois, Defendant in Error, v. Kate Hexton, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Morgan county; the Hon. WILLIAM E. THOMPSON, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Petition by Kate Hexton, convicted for selling liquor in anti-saloon territory and sentenced to imprisonment in the county jail for thirty days and to pay a fine of $200 and costs, and in case the fine and costs should not be paid at the end of the term of imprisonment, ordered that she be required to work out the same at the rate of $1.50 a day. To review the action of the court denying the prayer of her petition and remanding her to jail, the petitioner prosecutes a writ of error.

The petition set forth that the petitioner had served the thirty days' imprisonment but that she had no money or property with which to pay the fine and costs, that she was ill and afflicted with a disease which made it impossible for her to work out the fine and costs, that the close confinement in jail had caused an irreparable injury to her and that all legal means of collecting said fine and costs had been exhausted and prayed that she be discharged and released from that part of judgment imposing the fine and costs.

H. P. SAMUELL and P. P. THOMPSON, for plaintiff in error.

ROBERT TILTON, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 626*—*when inability to pay fine is no ground for discharge from prison.* Paragraph 455 of the Criminal Code (J. & A. ¶ 4155), requiring that whenever it is apparent to the court that any person confined in jail for any fine or costs has no estate wherewith to pay the same it shall be the duty of the court to discharge such person from further imprisonment, does not apply where the judgment requires the defendant to work out a fine.

2. CRIMINAL LAW, § 626*—*when petition for discharge from imprisonment is properly denied.* Where a woman was convicted of selling intoxicating liquor in anti-saloon territory and sentenced to the county jail for thirty days and to pay a fine of $200 and costs, and in case of failure to pay such fine and costs to work out the fine at $1.50 a day, a petition filed by her after serving the thirty days, praying that she be released from further imprisonment on the ground of physical weakness and diseased condition, *held* properly denied.